UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X
GARY EVANS,

                            Plaintiff,     **AMENDED COMPLAINT**

  -against-                                  04 CV 5171 (Baer, Judge)

NEW YORK CITY, NEW YORK CITY POLICE
OFFICER DAVID ECHEVARRIA SHIELD # 1129 of the 24th PRECINCT
and ONE UNIDENTIFIED NEW YORK CITY POLICE OFFICER.

                                          **JURY TRIAL DEMANDED**

                   Defendant(s).
---------------------------------------------------------------------------------X

The plaintiff, complaining of the defendants, by his attorney, FRED LICHTMACHER, ESQ., respectfully shows to this Court and alleges:

## JURISDICTION

1. Jurisdiction is founded upon the existence of a Federal Question.

2. This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983.

3. Jurisdiction is founded upon 28 U.S.C. Sections 1331, 1343(3) and 1343(4), this being an action authorized by law to redress the deprivation under color of law, statute, ordinance, regulation, custom and usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

## PARTIES

5. That the plaintiff, GARY EVANS, is a resident of New York County in the City and State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, the defendant, CITY OF NEW YORK, (NYC) was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant all Defendant officers were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment.

7. Upon information and belief, that at all times hereinafter mentioned, the defendant, NYC, its agents, servants and employees operated, maintained and controlled the NEW YORK CITY POLICE DEPARTMENT (NYPD), including all the police officers thereof.

8. Upon information and belief, that at all times hereinafter mentioned, Defendants, NEW YORK CITY POLICE OFFICER DAVID ECHEVARRIA SHIELD # 1129 of the 24th PRECINCT and one UNIDENTIFIED NEW YORK CITY POLICE OFFICER were employed by the defendant, NYC, as members of its police department.

9. The NYPD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the, COMMISSIONER OF THE NYPD, is responsible for the policies, practices and customs of the NYPD as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under

federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983.

11. Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under the color of law.

**STATEMENT OF FACTS**

12. On February 12, 2003, at approximately 9:30-9:45 PM the plaintiff was returning from work and he was walking by the service entrance of the El Dorado Hotel at 91st Street and Central Park West in New York, New York.

13. Plaintiff was approached by the defendants, two New York City Police Officers, who started yelling at him and who began to punch him in the face.

14. Defendants searched plaintiff and when they found a radio on him they told him it was a police band radio and one defendant officer hit him in the left eye with the radio causing the plaintiff to go to the ground.

15. The plaintiff who was at this point bleeding profusely asked for an ambulance and it was sent to the scene of the beating.

16. The defendants lifted plaintiff up by a chain he was wearing around his neck.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

17. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

18. That the plaintiff's rights have been violated under the Fourth Amendment of the United

States constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants who assaulted him by punching him, hitting him with a radio, lifting him by a chain around his neck and by otherwise assaulting him.

19. That the said assault on the plaintiff was caused by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed against the plaintiff and the force that was employed was used without any legal justification and without plaintiff's consent.

20. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

21. That the defendants assaulted the plaintiff, with intent to cause him physical injury.

22. That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically requiring him to receive medical treatment, and that he was subjected to physical pain, humiliation, embarrassment, anxiety, he was subjected to various physical and emotional harms and he was otherwise harmed.

23. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS, he is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR AN SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
## 42 U.S.C. § 1983 AND THE FOURTH
## AMENDMENT BY DEFENDANT NEW YORK CITY
## i.e., MONELL CLAIM

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

25. That the plaintiff's rights have been violated under the Fourth Amendment to the United States Constitution as made applicable to the states via the Fourteenth Amendment by the defendant, NYC.

26. Defendant NYC and UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers, as a matter of policy and practice, have acted with a callous, reckless and deliberate indifference to plaintiff's rights under the constitution and laws of the United States, in that they failed to adequately discipline, sanction, train, retrain, supervise or otherwise direct police officers concerning the rights of citizens, thereby causing the Defendant officers in this case to engage in the above-mentioned conduct.

27. Defendants NYC as well as UNIDENTIFIED POLICE OFFICERS who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the constitutional rights of citizens by the use of excessive and unreasonable force and in so failing the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case, to engage in unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivations of his civil rights.

28. That as a result of the above, the plaintiff's rights have been violated and he has incurred physical and emotional harms and that he was otherwise harmed.

29. That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE HUNDRED THOUSAND ($5000,000.00) DOLLARS and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, plaintiff demands judgment against the defendants in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS and punitive damages on the First Cause of Action, along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS on the Second Cause of Action, along with reasonable attorney's fees pursuant to 42 U.S.C. § 1988 together with costs and disbursements of this action; a trial by jury of all issues involved in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: August 20, 2004
      New York, New York

                    FRED LICHTMACHER (FL-5341)
                    Attorney for Plaintiff
                    60 East 42nd Street Suite 2001
                    New York, New York 10165
                    (212) 922-9066

To: Assistant Corporation Counsel
     Seth D. Eichenholtz
     100 Church Street
     New York, New York 10007
     (212) 788-8684

.